# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-01771

MAYENSSI MONTIEL, individually, and on behalf of all others similarly situated,

    *Plaintiff*,

v.

PARKING REVENUE RECOVERY SERVICES, INC.,

    *Defendant*.

---

## DEFENDANT PARKING REVENUE RECOVERY SERVICES, INC.'S MOTION TO STAY

---

1

**I.        INTRODUCTION**

Defendant Parking Revenue Recovery Services, Inc. ("PRRS"), by and through its undersigned counsel, respectfully moves to stay proceedings in this case pending arbitration of Plaintiff's claims. As indicated in PRRS's Motion to Compel Arbitration (Dkt. 9), Plaintiff cannot proceed with her claim before this Court. Instead, she must proceed in arbitration pursuant to the arbitration agreement contained in the valid and enforceable contract governing the conduct alleged in the Complaint. Given the PRRS's right to compel arbitration, the minimal prejudice to Plaintiff, the substantial and unfair burden on PRRS, and the convenience of the Court, this case should be stayed pending arbitration of Plaintiff's claims. Indeed, in the related *Butler* and *Crostarosa* cases, the Court properly stayed discovery pending resolution of the motion to compel and in *Butler,* ultimately granted the motion to compel, staying the case in favor of arbitration.[1] This Court should do the same.

**II.       L.R. 7.1 – CERTIFICATE OF CONFERRAL**

Undersigned counsel certifies that she conferred with counsel for Plaintiff, Josh Sanford, via telephone conference on July 17, 2025, regarding this Motion. Plaintiff's counsel indicated that Plaintiff opposes this Motion, **but does not oppose a stay of discovery pending resolution of PRRS's motion to compel.**

**III.      FACTUAL BACKGROUND**

The relevant factual and legal grounds supporting PRRS's Motion to Compel Arbitration are discussed in the Motion to Compel briefing and not repeated here in full. However, for ease of reference, PRRS provides a recitation of some of the key facts below that are relevant to this Motion to Stay.

---

[1] The *Crostarosa* motion to compel arbitration remains pending.

PRRS provides cutting-edge parking enforcement solutions and efficiently monitors parking lots without gates or barriers throughout the United States. (Compl. ¶¶ 1, 2.) In Little Rock, Arkansas, PRRS conducts parking monitoring and enforcement for the parking facility located at 400 East 3rd Street (the "Parking Facility"). (*See id.* ¶ 5.) Plaintiff Montiel alleges that on or about April 27, 2025, she parked her car in the Parking Facility, overstayed the time she paid, and that PRRS issued a Notice of Non-Compliance to her on May 1, 2025. (*Id.* ¶¶ 5, 20.) At the time Plaintiff parked at the Parking Facility, it contained numerous signs which govern the terms of Plaintiff's use of the Parking Facility (the "Contract"):

> **YOU MUST COMPLY WITH ALL SIGNS AT ALL TIMES**
> This is a contract. Read these terms PRIOR to parking. By parking on this Facility, you accept all these terms.
> **NO FREE PARKING AT ANY TIME**
> You must pay and/or be validated to use this Facility within the first 10 minutes of entering or you will be an authorized contract parker to enter this facility.
> **PARKING COMPLIANCE**
> The Facility's rules and use limitations are strictly enforced by Parking Revenue Recovery Services, Inc. This Facility may be monitored by video analytics and/or license plate recognition technology to ensure compliance with the Facility's rules for use. Vehicles failing to comply with the Facility's use rules will be assessed additional fees up to $250.00 per violation to recover costs to manage compliance and to identify violators and may be subject to towing or booting to the extent permitted by law. Unpaid fees assessed by PRRS will be assigned for collection to a debt collector.
> **ARBITRATION**
> By parking on this Facility, you hereby agree that the sole remedy for all unresolved disputes is binding arbitration, and specifically waive the right to jury trial, class action and/or class arbitration.
> **DATA PRIVACY**
> By entering this facility, you agree to PRRS's Privacy Policy and acknowledge that PRRS is collecting and processing your personal information.

(Dkt. 9-1, Drow Decl. ¶ 3, Ex. 1.)[2] The Contract is conspicuously posted throughout the Parking Facility, including at the entrance and exit. (*See id.* ¶¶ 3-5, Exs. 1-3) Plaintiff fails to acknowledge the existence of this agreement to arbitrate disputes regarding her use of the Parking Facility. Plaintiff's two claims in this action arise from PRRS's (i) purported use of Plaintiff's personal information which PRRS obtained due to Plaintiff's failure to make sufficient payment at the Parking Facility, and (ii) assessment of a fine in connection with the same. (*See* Compl. ¶¶ 42-43, 210.)

## IV. LEGAL STANDARD

This Court has an inherent power to stay proceedings "incidental to [its] power . . . to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *United Steelworkers of Am. v. Oregon Steel Mills, Inc.,* 322 F.3d 1222, 1227 (10th Cir. 2003 (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). The District of Colorado generally considers five factors (the "String Cheese factors") when ruling on a motion to stay proceedings: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 1:02-CV-01934-LTBPA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Each of these factors weighs in favor of staying the case pending the Court's ruling on the Motion to Compel Arbitration, and the Court should exercise its inherent power to stay these proceedings.

## V. ARGUMENT

---

[2] The Parking Facility still has numerous signs posted, with the same arbitration provision. (*See* Dkt. 9-1.)

4

The Tenth Circuit requires that district courts stay claims subject to arbitration, rather than dismiss such claims, as the Court may be later called to facilitate post-arbitration proceedings, such as a motion to confirm or vacate any award. *Adair Bus Sales, Inc. v. Blue Bird Corp.,* 25 F.3d 953, 955 (10th Cir. 1994; *see also Smith v. Spizzirri*, 601 U.S. 472 (2024). And pursuant to the FAA, an application to stay the proceedings pending the results of the arbitration is mandatory. 9 U.S.C. § 3 (stating that courts "shall" stay the action pending arbitration); *Merrill Lynch Pierce Fenner & Smith v. Coors,* 357 F. Supp. 2d 1277, 1279 (D. Colo. 2004 (restating same). Because Plaintiff's claims are subject to arbitration, PRRS requests that the Court stay this action pending completion of arbitration. At a minimum, PRRS requests that the Court stay discovery pending resolution of PRRS's Motion to Compel Arbitration, which Plaintiff does not oppose.

### 1. Staying the Case (and Discovery) Will Minimally Prejudice Plaintiff's Interests.

Courts must consider "plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay." *String Cheese,* 2006 WL 894955, at *2. Given the straightforward factual allegations, recency since the events precipitating the claim, and the temporary nature of the stay, Plaintiff would experience minimal, if any, prejudice from a stay of this case while this Court resolves the dispositive arbitration issue. Therefore, the first factor weighs in favor of a stay.

Courts in this district focus on the nature of the claims at issue when determining what, if any, prejudice may result from granting a stay. Where claims focus on "the import of a variety of documents," rather than witness recollections, stays are often granted in part because of minimal resulting prejudice. *See Stone v. Vail Resorts Development Co.,* No. 09-cv-02081-WYD-KLM 2010 WL 148278, at *1 (D. Colo. Jan. 7, 2010). Courts also consider the nature of the factual allegations and the time elapsed since the events precipitating the claims. *Carey v. Buitrago,* No

5

19-cv-02073-RM-STV, 2019 WL 6215443, at *1 (D. Colo. Nov. 21, 2019) (granting a stay and finding no prejudice because "the factual allegations in this case are fairly simple and the events giving rise to Plaintiff's claims occurred relatively recently.").

The temporary nature of a stay further undermines any argument that Plaintiff's ability to engage in discovery would be hindered. *Stone,* 2010 WL 148278, at *1 ("Plaintiffs' argument is further undermined by the temporary nature of the stay requested."); *see also Bernal v. Burnett* No. 10-CV-01917-PAB-KMT, 2010 WL 4792628, at *1 (D. Colo. Nov. 18, 2010) (finding that "the temporary nature of the stay requested" would not irreparably harm plaintiff's ability to litigate the case).

Here, Plaintiff's allegations are factually straightforward and occurred recently. The claim against PRRS likely involves few fact witnesses, and their memories of the relevant events are unlikely to fade with a short stay. The Complaint contains no allegations suggesting that immediate discovery is necessary to preserve documents or witnesses' memory, or that evidence is in danger of loss. Instead, the Complaint suggests that Plaintiff has copies of his relevant parking notice and PRRS have submitted proof of the Contract with its Motion to Compel.

While Plaintiff may argue that a stay could at least somewhat impact her ability to conduct discovery or litigate the case,[3] a general interest in proceeding with the case cannot be found sufficient absent showing concrete prejudice—particularly when the Court may grant a motion that divests this Court of jurisdiction. *Nardo v. Homeadvisor, Inc.,* No. 21-CV-01709-RM-KLM,

---

[3] Any argument that the requested stay would hinder Plaintiff's ability to litigate is further undermined by statistics on the speed with which cases are disposed in federal district court versus arbitration. *Compare* Federal Court Management Statistics, U.S. COURTS (December 31, 2023), https://www.uscourts.gov/file/78409/download (showing the District of Colorado's court management statistics, with civil cases averaging 28.9 months from filing to trial), *with* Measuring the Costs of Delays in Dispute Resolution, AM. ARB. ASS'N, https://go.adr.org/impactsofdelay.html (last visited Mar. 20, 2024) (reporting that cases adjudicated by arbitration take, on average, 11.6 months, which is considerably faster than the average U.S. district court case going to trial)

2022 WL 1198995, at *3 (D. Colo. Jan. 4, 2022) (finding that generalized concerns about the potential loss of evidence were insufficiently particularized to find against entering a stay). Accordingly, granting a stay would cause minimal prejudice to Plaintiff, and the first *String Cheese* factor weighs in favor of a stay.

### 2. Allowing Discovery to Proceed Would Undermine the Arbitration Agreement and Result in Unnecessary Burden and Expense for PPRS.

Under the second *String Cheese* factor, courts consider "the burden on the defendant[]." *String Cheese,* 2006 WL 894955, at *2. The parties agreed to arbitrate disputes involving Plaintiff's parking in the facility at-issue; allowing discovery to proceed outside of arbitration would undermine the fundamental purpose of the arbitration agreement and might subject PRRS to discovery broader than the arbitration allows. Accordingly, this factor weighs in favor of a stay.

As set forth herein, Plaintiff agreed that "[b]y parking in this Facility…the sole remedy for all unresolved disputes is binding arbitration[.]" (Dkt. 9-2.) "[R]equiring the parties to submit to full discovery prior to a ruling on the Motion to Compel may unnecessarily subject them to 'the very complexities, inconveniences and expenses of litigation that they determined to avoid.'" *Cook v. PenSa, Inc.,* No. 13-cv-03282- RM-KMT, 2014 WL 1660480, at *2 (D. Colo. Apr. 25, 2014 (quoting *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors,* 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004). Requiring PRRS to submit to discovery in federal court prior to a ruling on its Motion to Compel Arbitration would deny it the benefit of their agreed-upon bargain and subject PRRS to what the parties agreed to avoid. Further, arbitral forums maintain varying discovery rules, many of which are more limited than federal court—and may subject PRRS to unnecessary burden and expense. Courts find that subjecting a party to discovery while a motion asserting a jurisdictional defense remains pending "would subject him to undue burden or expense if the motion . . . is later granted." *Grosvenor v. Qwest Commc'ns Int'l, Inc.,* No. CIV.A09CV02848WDMKMT, 2010 WL

1413108, at *1 (D. Colo. Apr. 1, 2010); *see also Med. Prac. Mgmt. Grp., LLC v. Gordon,* No. 22-CV-02585-NYW-KLM, 2023 WL 2681970, at *1 (D. Colo. Jan. 27, 2023 ("requiring Defendant to incur costs related to discovery and other pretrial matters will defeat one of the core purposes to arbitration"); *Coinbase, Inc. v. Bielski,* 599 U.S. 736, 743 (2023) ("If the district court could move forward with pre-trial and trial proceedings while the appeal on arbitrability was ongoing, then many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost"). In sum, allowing the case to proceed in the interim, with a motion pending that may divest this Court of jurisdiction, would result in unfair burden on PRRS.

### 3. Entering a Stay Will Conserve Court Resources and Preserve Judicial Economy

The third *String Cheese* factor emphasizes "the convenience of the court." *String Cheese,* 2006 WL 894955, at *2. If Plaintiff's claims are subject to arbitration, then staying discovery while the Motion to Compel Arbitration remains pending would preserve this Court's resources, time, and efforts. Accordingly, this third factor weighs in favor of entering a stay.

The District of Colorado frequently recognizes that "the Court's interest in judicial economy weighs in favor of granting the stay" while a motion to compel arbitration remains pending. *i4 Grp. Consulting, LLC v. Scaled Agile, Inc.,* No. 20-CV-01855-DDD-NRN, 2020 WL 6565229, at *4 (D. Colo. Nov. 9, 2020) (internal citation omitted); *Nardo v. Homeadvisor, Inc.,* No. 21-CV-01709-RM-KLM, 2022 WL 1198995, at *4 (D. Colo. Jan. 4, 2022) ("[I]t is arguably more convenient for the Court to stay discovery pending a ruling on the Motion to Compel Arbitration. Otherwise, the Court may have to 'unnecessarily expend . . . resources managing discovery.'") (citing *BPS v. Bd. of Trs. for Colo. Sch. for Deaf and Blind,* No. 12-cv-02664-RM-KLM, 2013 WL 5381819, at *2 (D. Colo. Sep. 26, 2013)); *Med. Prac. Mgmt. Grp., LLC,* 2023

WL 2681970, at *1 (holding that preparation of a scheduling order, holding a scheduling conference, and embarking on discovery is premature and would waste the resources of both the Court and the parties should the Court grant the motion to compel arbitration).

Allowing the case to proceed while a preliminary motion may dispose of the entire action warrants a stay and avoids wasting judicial resources. *i4 Grp. Consulting,* 2020 WL 6565229, at *3 ("[I]t is not convenient for the Court to conduct proceedings and issue orders that ultimately might have to be redone by an arbitrator if the case is dismissed in favor of arbitration."); *Stone,* 2010 WL 148278, at *3 (finding that allowing discovery to proceed before deciding a motion to compel arbitration would be "a significant waste of judicial resources"). Indeed, the Supreme Court's recent ruling mandating stay of cases pending interlocutory appeal of a denial of a motion to compel arbitration further demonstrates that a stay is appropriate to preserve judicial resources. *Coinbase, Inc. v. Bielski,* 599 U.S. 736, 743 (2023) ("allowing a case to proceed simultaneously in the district court and the court of appeals creates the possibility that the district court will waste scarce judicial resources—which could be devoted to other pressing criminal or civil matters—on a dispute that will ultimately head to arbitration in any event"). Moreover, entering a stay at the early stages of litigation, as is the case here, further preserves judicial economy. *Carey v. Buitrago,* No. 19-CV-02073-RM-STV, 2019 WL 6215443, at *2 (D. Colo. Nov. 21, 2019) (factoring the early litigation stage into its analysis on the third *String Cheese* factor and entering a stay). For each of these reasons, the third *String Cheese* factor weighs in favor of entering a stay.

> **4. Staying the Case Will Cause No Prejudice to Persons Not Party to the Litigation or to the Public Interest.**

The final two *String Cheese* factors consider the interests of persons not parties to the civil litigation and to the public interest. *String Cheese,* 2006 WL 894955, at *2. Both of these factors weigh in favor of a stay, as federal and Colorado policy favoring arbitration weighs in favor of

entering a stay. *i4 Grp. Consulting,* 2020 WL 6565229, at *4 ("There is a strong federal policy favoring arbitration for dispute resolution."); *Allen v. Pacheco,* 71 P.3d 375, 379 (Colo. 2003) (Colorado courts "apply a strong presumption in favor of arbitration"). Allowing this case to proceed while the Motion to Compel Arbitration awaits resolution would undermine this policy. *See Stone,* 2010 WL 148278, at *4. Beyond this policy, preserving judicial resources and avoiding duplicative or wasteful discovery serves the public's interest in "efficient and just resolution" of matters. *Flores v. Bank of Am., N.A.,* No. 18-cv-2527-WJM-KLM, 2019 WL 10254875, at *2 (D. Colo. Mar. 11, 2019) ("[T]he public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest.") Accordingly, federal and Colorado policy favoring arbitration and the public's interest in avoiding wasteful efforts by the Court weigh in favor of entering a stay.

## VI. CONCLUSION

For the foregoing reasons, PRRS respectfully requests that this Court stay the case pending arbitration of Plaintiff's claims. At a minimum, PRRS respectfully request that this Court stay discovery pending resolution of the Motion to Compel.

DATED this 18th day of July, 2025.

Respectfully submitted,

*/s/ Kelsey C. Boehm*
Kelsey C. Boehm
FOLEY & LARDNER LLP
1144 15th Street, Suite 2200
Denver, Colorado 80202
Phone: 720.437.2013
kboehm@foley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2025 I caused the foregoing **MOTION TO STAY** to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record for all parties.

<u>/s/ Kelsey C. Boehm</u>

11

4905-9416-4822.1