IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| BRIAN BRANT, BROOKE FRITZ, and MAYENSSI MONTIEL, Each Individually and on Behalf of All Others Similarly Situated;<br><br>Plaintiffs,<br><br>v.<br><br>PARKING REVENUE RECOVERY SERVICES, INC., a Colorado Corporation,<br><br>Defendant. | Case No.: 1:25-cv-1771<br><br>**DECLARATION OF MAYENSSI MONTIEL** |

**DECLARATION OF MAYENSSI MONTIEL**

Pursuant to 28 U.S.C. § 1746, Mayenssi Montiel declares, subject to the penalties for perjury, as follows:

1.  My name is Mayenssi Montiel, and I am over the age of 18 and duly qualified to execute this Declaration and to swear to the accuracy of the facts herein contained.

2.  I reside in Little Rock, Arkansas. On April 26, 2025, I parked in the PRRS managed parking facility located at 400 East 3rd Street ("East 3rd Street garage") in Little Rock.

3.  My attorneys showed me the Exhibits to Defendant's Motion to Compel that show a sign posted at the entrance to the facility that faces the driver-side window of cars entering the facility. I did not see that sign when I entered the garage on April 26.

4.  I entered the garage around 8:00 pm. I drive a Nissan Sentra, which is a small, low-clearance, sedan. I entered the facility from the west, which meant that I was initially facing east and turned left (north) into the entrance driveway.

5.  There were no barriers to entering the facility. There were no gates or stop signs;

1

there wasn't even a speed bump that would have forced me to pause on entering. As I turned in, I noticed a sign with a QR code hanging on a fence to my right. This was easy for me to see because I was already facing that general direction (northeast) as I pulled in.

6. I noticed identical QR code signs posted within the facility, and I was eager to get out of the entrance driveway and out of the way of the cars turning in after me, so I did not pause to read the QR code sign on the gate because I knew I could read another one once I had parked.

7. After finding a parking spot, I found a QR code sign, scanned the code which took me to the payment portal, and paid for two hours of parking. I assumed that any special terms or conditions for parking at the facility would be obviously displayed either at the parking facility or in the portal. But the "Pay at this Sign" signs did not have any evidence that there were parking terms other than payment and the portal did not notify me that there were additional terms and conditions when I submitted my payment. I did not have to click any boxes stating that I agreed to PRRS's terms and conditions when I submitted payment and the portal did not include any sort of pop-up notification or conspicuous notice that I was waiving my right to a jury trial by parking. Photos of the payment portal that launches when the QR code on a "Pay at this Sign" is scanned is attached as Exhibit 3.

8. After two hours, I reentered the payment portal and paid for an additional two hours. The portal did not contain any notification that I was agreeing to arbitration terms when I entered additional payment. I did not click a checkbox acknowledging terms and conditions and there was no notice that additional terms applied on additional payment.

9. The only signs I saw posted within the East 3rd Street garage were the "pay at this sign" QR code signs. I revisited the facility on July 29, 2025, and counted 44 identical QR code signs, none of which provide any notice of arbitration terms. A photo of one of these signs is attached as Exhibit 2.

2

10. I examined every corner of the East 3rd Street garage on my revisit and the *only* sign containing notice of arbitration terms is the sign posted at the entrance and exit of the facility. Not one of the 44 QR code payment signs have notice of arbitration terms, and there are no separate signs posted containing notice of the terms anywhere in the facility.

11. To reiterate, there are 45 signs posted in the East 3rd Street garage. Of those 45 signs, 44 of them are QR code signs giving payment instructions and one of them, the one posted at the entrance and exit of the facility, provides notice of arbitration terms.

12. I have looked at Defendant's Exhibits to its Motion to Compel that depict the signs as they were on April 26 at the East 3rd Street garage. The sign is posted facing east and west, meaning it is not facing drivers as vehicles enter and exit the garage and instead faces the side of the vehicle. Moreover, it is posted close to the street such that if a driver were to stop to read the terms on entering, half the vehicle would still be in the road.

13. Further, the sign is posted well off the ground. While I can't be sure, it looks like the bottom of the sign was 4.5 to 5 feet from the ground. This is a foot or two above the head of a driver seated in a low-clearance sedan such as my vehicle, meaning the sign was out of my direct line of sight.

14. I scanned the QR codes shown at the bottom of the photograph of the sign shown in Exhibit 1 to Defendant's Motion to Compel (ECF No. 9-2). Neither of the codes launch websites that allow a customer to pay. Instead, they launch terms-and-conditions style static pages. I never scanned them before July 29th.

15. I left the East 3rd Street garage around 2:00 am on April 27. I did not see any signs stating terms or conditions when exiting the facility.

16. I did not see the sign posted at the entrance/exit of the East 3rd Street garage as I entered or exited the facility. The signs are posted well off the ground, and I believe that my car is

3

so low that the roof of the vehicle blocked the sign from my view. Additionally, it was already dark when I entered the facility, and the sign is not lit. Even if the roof of my car had not blocked the sign from view entirely, I doubt I would have noticed the sign in the dark, and even if I had I would not have been able to read the terms in the dark from the low vantage point in my car.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on this 8th day of October, 2025.

*Signed by: Mayenssi Montiel*

**Mayenssi Montiel**

4