IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| BRIAN BRANT, BROOKE FRITZ, and MAYENSSI MONTIEL, Each Individually and on Behalf of All Others Similarly Situated;<br><br>Plaintiffs,<br><br>v.<br><br>PARKING REVENUE RECOVERY SERVICES, INC., a Colorado Corporation,<br><br>Defendant. | Case No.: 1:25-cv-1771<br><br>DECLARATION OF BRIAN BRANT |

## DECLARATION OF BRIAN BRANT

Pursuant to 28 U.S.C. § 1746, Brian Brant declares, subject to the penalties for perjury, as follows:

1.      My name is Brian Brant, and I am over the age of 18 and duly qualified to execute this Declaration and to swear to the accuracy of the facts herein contained.

2.      I reside in Arvada, Colorado. On May 28, 2025, I parked in the PRRS managed parking facility located at 1401 Market Street ("Market Street lot") in Denver, Colorado.

3.      My attorneys showed me the Exhibits to Defendant's Motion to Compel that show a small, red sign posted at the entrances to the Market Street lot. I did not see either of these signs when I entered the garage on May 28.

4.      I entered the lot around 5:45 or 6:00 pm. I drive a Mazda CX5, which is a small, compact SUV. The Market Street lot has two entrances, one from Market Street and one from 14th Street. I entered the facility by turning left into the lot from 14th Street. As seen in Defendant's photos, the red sign posted at that entrance would have been behind my left shoulder as I entered.

1

5. There were no barriers to entering the facility. There were no gates or even a speed bump that would have forced me to pause on entering. As seen in Defendant's exhibit (ECF No. 28-7), the sign directly facing me as I entered had a stop sign on it, which I paused slightly to read, but all it said was that cash wasn't accepted and that I had to pay by QR code. I did not pause long because I did not want to block traffic on 14th Street by stopping in halfway through the entrance to the lot.

6. I did not see the red sign stating terms and conditions at all, likely because it was getting dark and the sign does not appear to be lit. It is also posted so low to the ground that it would not have been in my direct line of sight. I doubt it even cleared the door of my vehicle, meaning that even if I happened to glance that way as I turned in, the sign would not have been visible because it was blocked by my car door.

7. After finding a parking spot, I noticed signs within the lot with QR codes stating that I could pay by scanning the code. I scanned the code, which took me to the payment portal, and I paid for two hours of parking. I assumed that any special terms or conditions for parking at the facility would be obviously displayed either at the parking facility or in the portal. But the "Pay at this Sign" signs did not have any evidence that there were parking terms other than payment and the portal did not notify me that there were additional terms and conditions when I submitted my payment. I did not have to click any boxes stating that I agreed to PRRS's terms and conditions when I submitted payment and the portal did not include any sort of pop-up notification or conspicuous notice that I was waiving my right to a jury trial by parking.

8. I did not approach the signs at the entrance when I walked out of the lot because I assumed that any information I needed would have been presented to me when I paid by QR code. There are no signs containing the arbitration terms posted alongside the signs containing the QR codes at the Market Street lot.

2

   9. The only signs I saw posted within the Market Street lot were the "pay at this sign" QR code signs.

   10. I have looked at Defendant's Exhibits to its Motion to Compel that depict the signs as they were on May 28 at the Market Street lot. According to Defendant's evidence, there are only three signs posted at the Market Street lot that contain the arbitration terms it wishes to enforce. Two of these signs are posted at the vehicle entrances to the lot. Because both streets bordering the Market Street lot are one-way streets, the only means by which a vehicle can enter the lot is by turning left into the lot, either from 14th Street or from Market Street.

   11. As stated above, the sign at the 14th Street entrance is posted low the ground and behind the driver's left shoulder as the vehicle enters. The sign at the Market Street entrance is posted on the far side of the entrance signage such that it is behind the driver's left shoulder as the vehicle enters the lot and is blocked by a large "pay here" sign with an awning once the car has completed the turn.

   12. The only other sign appears to be posted on a pole along 14th Street, facing toward the lot. It's positioned such that cars park in front of it, meaning that a person walking through the lot would be separated from the sign by any vehicles parked in the spots that border 14th Street. *See* ECF No. 28-7, p. 7. Notably, this sign is posted above another sign stating that all payment must be made via QR code, but is not next to the sign providing the QR code that allows payment. Further, the sign is posted so far off the ground that even the camera Defendant used to get a picture of it was unable to see it clearly. See ECF No. 28-7, p. 8. A person walking through the lot would not be able to read the sign from the vantage point at which they would be expected to see it. What I mean is, in order to read this sign, an individual would have to walk past the car parked in front of and it and possibly climb up on the hood of that car in order to see the words on the sign. Anyone walking through the lot at night as I did would not even notice the sign was there.

3

13. I exited the Market Street lot around 8:30 pm, having overstayed my payment by about 30 minutes. I did not see any signs stating terms or conditions when exiting the facility.

14. I did not see the signs posted at the entrance/exit of the Market Street lot as I entered or exited the facility. The signs are posted such that they would be behind me as I entered the lot. Additionally, it was getting dark when I entered the facility, and the signs are not lit. Even if the signs had been in my direct line of sight, I doubt I would have noticed them in the dark, and even if I had I would not have been able to read the terms in the dark from the low vantage point in my car.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on this 30th day of September, 2025.

_____
**Brian Brant**

4